Dear Mr. Molaison:
You have requested an opinion of this office on the issue of whether the City of Westwego may assess a boarding fee on all passengers boarding swamp tour excursion vessels within the city limits.
In order to respond to your request, we must first determine whether the charge sought to be imposed is in fact a fee, or if it is a tax. According to Audubon Insurance Company v. Bernard, 434 So.2d 1072 (La. 1983),". . .if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly or materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax." Based upon your advice that the charge would be imposed to "directly benefit" the citizens of Westwego, we assume that the purpose of the contemplated swamp tour charge is to raise revenue. Pursuant to Audubon, it is our opinion that the charge, if imposed, would be a tax.
Audubon also recognizes that all taxes must be authorized by the Constitution.
Under the Louisiana Constitution (1974) Article 6, Section30, a political subdivision may exercise the power to tax "under authority granted by the legislature" for local and public purposes. Your opinion request notes that you were unable to find any legislative grant of authority to the City of Westwego to assess a boarding fee for swamp tours; this office concurs in these findings.
La. R.S. 4:41 authorizes a tax to be levied by a municipality for public and quasi-public charitable institutions and human service programs. Although this tax may be levied on amusement activities including excursion and sightseeing steamers, this provision does not apply in the case at hand because the City of Westwego does not have a population in excess of 300,000, as required by the statute. Other statutes noted in your opinion request, including La. R.S. 4:502 and 4:552, also do not apply. As you have noted, these provisions are directed specifically toward riverboats and, therefore, would not serve to authorize the proposed "swamp tour" tax.
It is pertinent to point out that Article 6, Section 29(A) of the Louisiana Constitution (1974) does authorize the governing authority of a local governmental subdivision to levy a tax upon the sale of services. The taxes authorized by Article 6, Section 29(A) must be approved by a majority of the electors voting in an election specifically held for the purpose of approving the tax, in addition to other requirements and limitations. Thus, even absent specific statutory authority, the City of Westwego may still levy a sales tax upon services such as the swamp tour, as long as the provisions of Article 6, Section 29 as well the State's general sales tax statutes are met.
You have also inquired as to what prohibitory effect, if any, La. R.S. 9:1101 would have on a swamp tour tax levied by the City of Westwego, notwithstanding the City's present lack of authorization for levying such a tax. La. R.S. 9:1101 provides in pertinent part:
 The waters of and in all bayous, rivers, streams, lagoons, lakes and bays, and the beds thereof, not under the direct ownership of any person on August 12, 1910, are declared to be the property of the state. There shall never be any charge assessed against any person for the use of the waters of the state for municipal, industrial, agricultural or domestic purposes.
This section reflects the state's desire and interest that the waters owned by it shall remain free for use by all of its citizens. See: Attorney General's Opinion 77-1668, Jan. 26, 1978. To the extent that a swamp tour tax would in effect be levied for the use and enjoyment of a navigable body of water, it would be invalid under La. R.S. 9:1101. However, R.S. 9:1101
would not apply to a tax on the sale of services, i.e., the actual swamp tour.
It is the opinion of this office that the City of Westwego may not assess a boarding charge on passengers boarding swamp tour excursion vessels within the city limits. The City may, however, assess a sales tax upon such services pursuant to the authority of Louisiana Constitution (1974) Article 6, Section30, subject to the limitations and requirements contained therein. Assuming such a tax is levied upon the sale of swamp tour services, the provisions of R.S. 9:1101 would not apply.
Trusting this adequately responds to your request, I remain,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0140n